NEW JERSEY STATE BAR ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RE-SPONDENT, v. NORTHERN NEW JERSEY MORTGAGE ASSOCIATES, A NEW JERSEY CORPORATION, *ET AL.*, DEFENDANTS-RESPONDENTS, AND LAWYERS MORT-GAGE AND TITLE COMPANY, A NEW YORK CORPO-RATION, ETC., DEFENDANT-APPELLANT.

Argued February 7, 1961—Decided March 20, 1961.

Mr. *John J. Monigan, Jr.* argued the cause for the appellant (*Messrs. Stryker, Tams & Horner,* attorneys; Mr. *Howard G. Wachenfeld,* on the brief).

Mr. *Milton T. Lasher* argued the cause for the respondent.

The opinion of the court was delivered

PER CURIAM. In *New Jersey State Bar Ass'n v. Northern N. J. Mtge. Associates,* 32 *N. J.* 430 (1960), this court remanded the cause for the entry of an injunction in conformity with its opinion. Thereafter the Chancery Division entered an order which directed the defendant Lawyers

Mortgage and Title Company to discontinue and desist from (1) filling in blanks on bond and mortgage forms, (2) participating in the preparation of legal instruments of any kind, (3) taking legal steps to remove objections to title or to any defects therein, (4) imposing charges for search and title abstracting in excess of the actual cost to the Title Company of the search and abstract, and (5) otherwise practicing law as defined by the courts of this State. The Title Company appealed to the Appellate Division and we certified its appeal while it was pending there. It urges that the order entered in the Chancery Division does not conform with the opinion of this court and should be modified; we find substance in some of its points and accordingly direct that the Chancery Division modify its order as hereinafter set forth.

The Title Company urges that although the opinion contemplated that it would be permitted to prepare the bond and mortgage where it was the mortgagee, the sweep of the order entered in the Chancery Division prohibits such activity. In response the Bar Association urges that the purport of the opinion would be defeated "if it were possible for the defendant to handle the mortgage loans which it negotiates by the simple device of naming itself as mortgagee and then assigning the instrument." In the light of the history of the litigation, the danger suggested by the Bar Association may well be taken to be a real one. It seems to us that the matter may fairly be dealt with by including a provision in the Chancery Division's order to the effect that nothing therein shall prohibit the appellant from preparing, without direct or indirect charge, the bond and mortgage in those instances where it actually lends its own money and becomes the mortgagee with the *bona fide* purpose of retaining the mortgage as the sole party interested therein until the mortgage is fully paid.

The provision in the Chancery Division's order which directs the Title Company to desist from imposing charges for search and title abstracting in excess of the actual cost

to the Title Company of the search and abstract is in conformity with the language in this court's opinion. However the Title Company raises a matter which warrants brief attention. Its counsel stated at oral argument that since the entry of the Chancery Division's order the Title Company has used the approved attorney plan which entails the use of independent attorneys who are not employees of the Title Company and are not in any wise associated with it. The legal charges made by such attorneys are not the subject of the Chancery Division's order. However, the Title Company contends that in any instance where it does not hereafter use the approved attorney plan but uses its own agents and employees to make the title search and read the abstract of title, its actual cost should be viewed as including not only its disbursements for search and abstract but also a reasonable allocation of the direct and overhead expenses which are actually incident to its reading of the abstract of title. This contention is not met in the brief of the Bar Association which simply points out that it is now in the midst of conferences on the general subject with the New Jersey Association of Title Companies of which the appellant is not a member, although at oral argument it was represented that the appellant planned to become a member shortly. It seems to us that the matter may fairly be dealt with in the Chancery Division by the appellant's submission of a proposed schedule of charges for the search and abstract which may cover disbursements plus the allocated direct and overhead expenses which are actually incident to the reading of the abstract. If, after inquiring into the matter and examining comparable charges by other title companies, the Chancery Division finds the proposed charges to be reasonable, it may authorize them and embody an express provision in its order to that effect. The Bar Association will, of course, have leave to apply from time to time for discovery or such other relief as may be required to insure compliance with the order of the Chancery Division.

■ Finally, the Title Company urges that the closing provision in the order to the effect that it shall desist from otherwise practicing law as defined by the courts of this State should be exscinded because of its vagueness and generality and because it exceeds the scope of this court's opinion. At oral argument counsel for the Bar Association indicated that this provision could be eliminated without any adverse effects and we agree that it should be exscinded.

Modified.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.